IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERARDO SANCHEZ, TRINIDAD SANCHEZ, and BALDOMERO GARCIA MARIA, on behalf of themselves and all other persons similarly situated, known and unknown, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.<br>)<br>) Judge |
| v. | )<br>) |
| SPEX 3624, INC., SPEX 1235, INC., and SHAHID PERVAZ, individually, | )<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

Plaintiffs Gerardo Sanchez, Trinidad Sanchez, and Baldomero Garcia Maria, (hereinafter "Plaintiffs"), through their attorneys, on behalf of themselves and all other persons similarly-situated, known and unknown, for their Complaint against Spex 3624, Inc., Spex 1235, Inc., and Shahid Pervaz, individually, ("Defendants"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay minimum wages and overtime pay to Plaintiffs.

2. Defendants operate hand car wash and detailing establishments.

3. Plaintiffs are former employees of Defendants.

4. Defendants paid Plaintiffs on an hourly basis.

5.   Defendants paid other employees on an hourly basis.

6.   During one or more individual work weeks during the prior three years, Plaintiffs and other similarly-situated hourly employees worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

7.   Instead, Plaintiffs and other hourly employees were paid their straight time hourly rate for all hours worked.

8.   Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as representative party plaintiffs in this FLSA overtime lawsuit are attached hereto as Exhibit A.

9.   Defendants agreed to toll Plaintiffs' claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and any other state wage and hour law, as of May 23, 2016.  See Exhibit B, attached hereto

**JURISDICTION AND VENUE**

10.   This Court has jurisdiction over Plaintiffs' FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

11.   This Court has supplemental jurisdiction over Plaintiffs' IMWL claim pursuant to 28 U.S.C. § 1367.

12.   Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

13.   Plaintiff Gerardo Sanchez currently resides in and is domiciled in San Francisco, California.  Plaintiff Gerardo Sanchez was employed by Defendants within this judicial district

between approximately September 2014 and March 22, 2016.

14. Plaintiff Trinidad Sanchez currently resides in and is domiciled in Cook County, Illinois. Plaintiff Trinidad Sanchez was employed by Defendants within this judicial district between approximately June 2009 and March 22, 2016.

15. Plaintiff Baldomero Garcia Maria currently resides in and is domiciled in Cook County, Illinois. Plaintiff Baldomero Garcia Maria was employed by Defendants within this judicial district between approximately November 2007 and March 22, 2016.

16. Plaintiffs were not exempt from the overtime provisions of the FLSA and the IMWL.

17. Defendant Spex 3624, Inc. is an Illinois corporation. Defendant Spex 3624, Inc. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

18. Defendant Spex 3624, Inc.'s principal place of business is located at 3624 Dempster, Skokie, Illinois 60076.

19. Defendant Spex 3624, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

20. During the last three years, Defendant Spex 3624, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

21. During the course of their employment with Defendant Spex 3624, Inc., Plaintiffs handled goods, including cleaning supplies and other products that moved in interstate commerce.

22. Defendant Spex 3624, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

23. Defendant Spex 3624, Inc. was Plaintiffs' "employer" as defined by the IMWL. 820

3

ILCS 105/3(c).

24. Plaintiffs were Defendant Spex 3624, Inc.'s "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

25. Plaintiffs were Defendant Spex 3624, Inc.'s "employees" as defined by the IMWL. 820 ILCS 105/3(d).

26. Defendant Spex 1235, Inc. is an Illinois corporation. Defendant Spex 1235, Inc. is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

27. Defendant Spex 1235, Inc.'s principal place of business is located at 1235 Dodge, Evanston, IL 60602.

28. Defendant Spex 1235, Inc. is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

29. During the last three years, Defendant Spex 1235, Inc.'s annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

30. During the course of their employment with Defendant Spex 1235, Inc., Plaintiffs handled goods, including cleaning supplies and other products that moved in interstate commerce.

31. Defendant Spex 1235, Inc. was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

32. Defendant Spex 1235, Inc. was Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c).

33. Plaintiffs were Defendant Spex 1235, Inc.'s "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

34. Plaintiffs were Defendant Spex 1235, Inc.'s "employee" as defined by the IMWL. 820 ILCS 105/3(d).

35. Defendant Shahid Pervaz is the President and owner of Defendants Spex 3624, Inc. and Spex 1235, Inc.

36. Defendant Shahid Pervaz is involved in the day-to-day business operations of Defendants Spex 3624, Inc. and Spex 1235, Inc. Among other things, Shahid Pervaz has the authority to hire and fire employees, and to direct and supervise the work of employees. Upon information and belief, Defendant Shahid Pervaz had the authority to sign on the checking accounts and to participate in decisions regarding employee compensation and capital expenditures

37. Defendant Shahid Pervaz was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

38. Defendant Shahid Pervaz was Plaintiffs' "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

39. Plaintiffs were Defendant Shahid Pervaz's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

40. Plaintiffs were Defendant Shahid Pervaz's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

41. Upon information and belief, Defendant Shahid Pervaz resides in this judicial district.

**BACKGROUND FACTS**

42. Defendants operate multiple hand car wash and detailing establishments, including the following:

      a.    1235 Dodge
            Evanston, IL  60602

      b.    3624 Dempster
            Skokie, Illinois 60076

43. All the stores identified in paragraph 42, operate as a unified operation and a common enterprise, with a common business purpose.

44. During the last three years, other similarly-situated hourly employees worked for Defendants at one or more of the three hand car wash & detailing establishments. For example, employees were assigned to work at different locations when other employees took vacations or when it was necessary to cover an employee who called off.

45. Defendants are all commonly owned and operated by Shahid Pervaz.

46. Upon information and belief, Shahid Pervaz hires the employees at Defendants' various locations.

47. Defendants use common advertising. *See* Exhibit C.

48. Defendants perform related activities in which they offer hand car washing and detailing to the public, operating in the same or similar manner, and advertise collectively.

49. Defendants have the same business purpose.

50. Defendants use the same vendors and suppliers.

51. The hand car wash and detailing establishments operated by Defendants share goods and supplies between locations. For example, chemical products used to clean cars were often ordered at one location and once the shipment was received they were distributed amongst both locations.

52. At all times relevant hereto, Plaintiffs and other similarly-situated hourly employees

were not exempt from the overtime provisions of the FLSA and the IMWL.

53. In one or more weeks during the prior three (3) years, Plaintiffs worked for one or more Defendants in excess of forty (40) hours in an individual work weeks.

54. For example, Plaintiffs customarily worked seven (7) days a week from 8:00 a.m. to 7:00 p.m. weather permitting. *See* Exhibit D.

55. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiffs overtime pay at a rate of one and one-half times their regular rate of pay when they worked more than forty (40) hours per work week.

56. In one or more weeks during the prior three (3) years, Defendants did not pay other hourly employees overtime pay at a rate of one and one-half times their regular rates of pay when they worked more than forty (40) hours per work week.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 56 of this Complaint.

57. This count arises from Defendants' willful violation of the FLSA, 29 U.S.C. § 201 *et seq.,* for their failure to pay Plaintiffs and other similarly-situated hourly employees overtime wages at a rate of one and one-half times their regular rate of pay for all time worked over forty (40) hours during individual work weeks.

58. In one or more work weeks during the prior three years, Plaintiffs and similarly-situated employees worked for Defendants in excess of forty (40) hours per week.

59. Plaintiffs generally worked seven (7) days per week and in excess of seventy (70) house each for Defendants, weather permitting.

60. Pursuant to 29 U.S.C. § 207, Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rate of pay for all time they worked in excess of forty (40) hours during individual work weeks.

61. In one or more work weeks during the last three (3) years, Defendants did not pay Plaintiffs one and one-half times their regular rate for the time they worked over forty (40) hours in individual work weeks, and instead paid Plaintiffs their straight time hourly rate of pay for all hours worked.

62. Pursuant to 29 U.S.C. § 207, other similarly-situated hourly employees were entitled to be compensated at a rate of one and one-half times their regular rates of pay for all time they worked in excess of forty (40) hours during individual work weeks.

63. In one or more work weeks during the last three (3) years, Defendants did not pay similarly-situated hourly employees one and one-half times their regular rates of pay for all time worked over forty (40) hours in individual workweeks, and instead paid them their straight time hourly rate of pay for all hours worked.

64. Defendants violated the FLSA by failing to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

65. Defendants violated the FLSA by failing to pay similarly-situated employees overtime wages for hours worked in excess of forty (40) hours in one or more individual work weeks.

66. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs and other similarly-situated employees have suffered a loss of income and other damages. They are entitled to liquidated damages and attorneys' fees and costs incurred in pursing this claim.

WHEREFORE, Plaintiffs and other similarly-situated employees pray for a judgment against

Defendants as follows:

    A.    designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    B.    judgment in the amount of the overtime wages owed to Plaintiffs and all other similarly-situated employees who join this lawsuit;

    C.    liquidated damages in an amount equal to the amount of unpaid overtime wages;

    D.    reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

    E.    such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiffs individually)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 66 of this Complaint, as if fully set forth herein.

67.    This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for their failure to pay Plaintiffs overtime pay at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours during individual work weeks.

68.    During the prior three years, Defendants required Plaintiffs to work more than forty (40) hours in one or more individual work weeks.

69.    For all time worked in excess of forty (40) hours in an individual work week, Plaintiffs was entitled to be paid one and one-half times their regular rate of pay.

70.    Defendants did not pay Plaintiffs overtime at one and one-half times their regular rate, and instead paid Plaintiffs their straight time hourly rate of pay for all hour worked.

71. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. judgment in the amount of all overtime wages to Plaintiffs under the IMWL;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D. such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Fair Labor Standards Act – Minimum Wages
### (Collective Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 71 of this Complaint.

72. This count arises from Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. §206, for its failure to pay minimum wages to Plaintiffs.

73. Plaintiffs worked as car washers and detailers and were not exempt from the minimum wage provisions of the Fair Labor Standards Act.

74. Plaintiffs were paid by Defendants an hourly rate less than the full applicable minimum wage.

75. For example, between approximately March 2011 and March 2014, Plaintiff Trinidad Sanchez was paid $7.50 per hour, or $0.75 less than the required minimum wage.

76. Defendants' failure and refusal to pay Plaintiffs and other similarly-situated persons minimum wages in one or more work weeks violated the FLSA, 29 U.S.C. § 206.

77. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other similarly-situated persons minimum wages in one or more work weeks.

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

A. Judgment in the amount of the owed minimum wages for all time worked by Plaintiffs;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages;

C. Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D. Such other and further relief as this Court deems just and proper.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Individual Action)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 77 of this Complaint.

78. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the IMWL. 820 ILCS 105/1 *et seq*. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

79. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiffs worked, Plaintiffs were entitled to be compensated at the applicable Illinois Minimum Wage.

80. Defendants did not compensate Plaintiffs at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

81. For example, between September 2014 and March 22, 2016 Plaintiff Gerardo Sanchez was paid $8.00 per hour, or $0.25 less than the required minimum wage.

82. Defendants violated the IMWL by refusing to compensate Plaintiffs at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

83. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover their unpaid minimum wages, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: September 12, 2016

s/ Douglas M. Werman
Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiffs