IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**GERARDO SANCHEZ**, et al., )
)
              Plaintiffs, )
)
     v. ) Case No. 16 C 8834
)
**SPEX 3624, INC.**, et al., )
)
              Defendants. )

## MEMORANDUM ORDER

This Court has just received the Judge's Copy of the Answer filed by the three defendants in this putative opt-in collective action brought under the Fair Labor Standards Act, coupled (as is often the case) with individual claims by the three named plaintiffs under the Illinois Minimum Wage Law. For the most part that responsive pleading is a refreshing change from the too-often-received filings by defense lawyers who fail to heed the lesson taught by the Twombly-Iqbal canon that the appropriate function of filings on both sides of the "v." sign is one of notice pleading, enabling the reader (whether the opposing advocate or the judge assigned to the case) to see readily just what matters are and what matters are not at issue between the litigants. That process is helped enormously where, as here, so many of the Complaint's allegations are met with straightforward Fed. R. Civ. P. ("Rule") 8(b)(1)(B) admissions, rather than with tortured responses that undercut the notice-pleading goal.

There are, however, a few matters in the Answer that call for something more from defense counsel. This memorandum order is issued sua sponte to direct counsel's attention to them.[1]

For one thing, Answer ¶ 1 advances a disclaimer that fails to conform to the clear path marked out by Rule 8(b)(5) -- in that respect, see App'x ¶ 1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). And more substantively, the Answer inappropriately concludes with the language "and therefore denies same." It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation (as Rule 8(b)(5) expressly requires), then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b) in all events, the quoted language is stricken from Answer ¶ 1.

Next, it is difficult to understand how Answer ¶ 8 can deny the corresponding allegations in the Complaint. Defense counsel should take a fresh look at that paragraph.

Finally, this Court's reading has spotted a couple of minor nits in the Answer:

1. Answer ¶ 36 has inadvertently referred to the allegations in Complaint ¶ <u>26</u>, while Answer ¶ 61 has denied the allegations in Complaint ¶ <u>39</u> rather than Complaint ¶ 61. And the introduction to Complaint II has reaffirmed the answers to Complaint ¶¶ 1 through <u>56</u>, rather than Complaint ¶¶ 1 through 66.

2. Defense counsel has inadvertently omitted any answer to Complaint ¶ 37.

---

[1] It should however be understood that this Court, which is not of course an advocate for either side, has not sought to be exhaustive here, in the same way that plaintiffs' counsel may engage in on behalf of their clients.

As stated earlier, there may perhaps be other minor items that this Court's scanning of the Answer has missed. In any case, there is certainly no need for defense counsel to engage in a total do-over of the Answer rather than simply filing an amendment that corrects the matters addressed here, and it would be appreciated if as part of that process defense counsel will conduct his own review of the Answer to see whether this Court has missed any like items. And because all that is required by this memorandum order is a brief amendment to the Answer, counsel is granted until November 14, 2016 to file that amendatory pleading.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 28, 2016